Shirlee MAROSE, Appellant,

v.

Beverly HENNAMEYER, et al.,
Respondents.

No. C7–83–1211.

Court of Appeals of Minnesota.

April 24, 1984.

As Modified May 9, 1984.

Kevin L. Callahan, Minneapolis, for appellant.

Richard N. Newcome, St. Paul, for respondents.

Considered and decided by POPOVICH, C.J., PARKER and WOZNIAK, JJ., with oral argument waived.

## OPINION

WOZNIAK, Judge.

This appeal involves a negligence action filed by appellant, Shirlee Marose, against respondent, Beverly Hennameyer, for injuries allegedly suffered by Marose in an automobile accident in which both were involved. Hennameyer moved for summary judgment on the ground that Marose had failed to meet the tort thresholds necessary to initiate a negligence suit under the Minnesota No-Fault Act. The court granted Hennameyer's motion and dismissed the case with prejudice. We affirm.

## FACTS

Marose was injured in a three-car accident on August 27, 1980. The vehicle in which she was riding as a passenger was struck from behind by a vehicle driven by Hennameyer and owned by Schuchard.

At the time of the accident, Marose was employed part time at Brown Photo. Marose claims her injuries caused her to miss work from August 28, 1980 to September 5, 1980 and October 27 to October 29, 1980. Additionally, Marose was seen at a SHARE Health Plan Medical Clinic six times between September 12, 1980 and March 5, 1981.

In opposition to Hennameyer's motion for summary judgment, Marose submitted all her medical records. These included a note dated May 5, 1982 from the Saint Anthony Orthopaedic Clinic, which stated, "I do not anticipate, based upon her clinical and radiographic examination, *any permanent physical impairment*," (emphasis supplied) and was signed by her treating orthopedist, Dr. John Dowdle, Jr. The statements and notations of Dr. Dowdle are in the record.

In an affidavit dated May 18, 1983, Marose stated she still suffered pain from the accident and was unable to perform various household tasks such as laundry and vacuuming. She claimed she had been fitted with a back brace by a Dr. Ault, who informed her that the injuries could be lasting and permanent in nature. Yet neither the statements of Dr. Ault nor supporting medical reports are found in the record. In interrogatories previously answered, Marose attributes the statement that her injuries would be permanent to Dr. Dowdle.

## ISSUE

1. Did Marose produce material facts in opposition to the Motion for Summary Judgment showing that she had suffered a permanent injury or was disabled for more than sixty days as required by the Minnesota No-Fault Act?

## ANALYSIS

Summary judgment is proper under Rule 56 of the Rules of Civil Procedure when:

the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any

material fact and that either party is entitled to judgment as a matter of law. Minn.R.Civ.P. 56.03. Facts shall be viewed in the light most favorable to the non-moving party. In such instances, the sole question before the court is whether an issue of established material fact exists. *Bennett v. Storz Broadcasting Co.*, 270 Minn. 525, 531, 134 N.W.2d 892, 897 (1965).

■ When a motion for summary judgment is made and properly supported:

an adverse party may not rest upon the mere averments or denials of his pleading but must present specific facts showing that there is a genuine issue for trial.

Minn.R.Civ.P. 56.05. A party opposing a motion for summary judgment cannot rely upon naked allegations of his pleadings but must present specific facts showing genuine issues for trial. *Morgan v. McLaughlin*, 290 Minn. 389, 393, 188 N.W.2d 829, 832 (1971).

■ Under Minnesota's No-Fault Act, as a *quid pro quo* for the right to receive Basic Economic Loss Benefits regardless of fault, injured parties covered by the Act are limited in their right to recover general damages in Tort. M. Steenson, Minnesota No-Fault Automobile Insurance 23 (1982). Uncompensated economic loss is recoverable under Minn.Stat. § 65B.51(2) (1982); Non-economic loss is recoverable if the tort thresholds of Minn.Stat. § 65B.51(3) (1982) are met.

■ An injured party can sue for economic loss:

not paid or payable by a reparation obligor because of daily or weekly dollar limitations of section 65B.44, the seven-day services exclusion of section 65B.44, the limitations of benefits contained in section 65B.44, subdivision 1, or an exclusion from coverage by sections 65B.58 to 65B.60.

Minn.Stat. § 65B.51(2) (1982). Here, Marose claimed future economic loss in the form of future medical expenses. Her no-fault carrier paid $1,555.49 in benefits and her treating physician indicated he anticipated no permanent injury. In opposition, Marose admitted only her own affidavit indicating that she would have future medical costs and that another doctor said her injuries could be permanent. As a lay person, Marose is not qualified to give her opinion on need for medical care and the doctor's statements are not in the record. Marose is, therefore, only relying on her pleadings after the respondents introduced evidence that she will not exhaust her basic economic loss benefits. Respondents were entitled to summary judgment for future medical expenses.

[7] Marose also claimed a non-economic loss for pain and suffering. She can sue for non-economic loss only if she carries her burden of proving disability of sixty days or more, a permanent disfigurement, permanent injury, or death. Minn.Stat. § 65B.51(3)(b) (1982); *see Murray v. Walter*, 269 N.W.2d 47, 50 (Minn.1978) (tort thresholds part of the plaintiff's case).

■ As mentioned before, Marose's hearsay statement that a doctor told her that the injury would be permanent is not proper evidence to counter the statement of her treating physician that the injuries would not be permanent.

Marose further contends that she had a disability for sixty days or more. "Disability for sixty days or more" is defined as "the inability to engage in substantially all of the injured person's usual and customary daily activities." Minn.Stat. § 65B.51(3)(c) (1982). Appellant's Interrogatory Answers state she was off work for a total of 9 days. She was seen at the Share Health Plan Medical Clinic on six occasions. Even including her days at the clinic, Marose did not meet the sixty-day disability threshold.

Under the facts in this case, the trial court correctly determined that Marose merely relied on the averments of her pleading and had not presented any specific facts showing there was a genuine issue for trial.

## DECISION

■ The Minnesota No-Fault Automobile Insurance Act requires specific tort thresh-

olds be established before a negligence action seeking damages for personal injuries can be maintained. Marose has failed to establish these thresholds and thus summary judgment is proper.

We affirm.