**Patricia K. CARL, et al., Appellants,**

v.

**Corbin PENNINGTON, Respondent.**

**No. C4–84–1404.**

Court of Appeals of Minnesota.

March 19, 1985.

Oakes & Kanatz, St. Paul, for appellants.

Ronald J. Johnson, Hopkins, for respondent.

Heard, considered, and decided by the court en banc, consisting of POPOVICH, C.J., and FOLEY, WOZNIAK, LANSING, LESLIE, NIERENGARTEN and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal from summary judgment granted in favor of respondent Corbin Pennington on appellant Patricia Carl's claim for noneconomic loss benefits under no-fault automobile insurance. The trial court found that Carl had not met the permanent injury threshold for her claim. We reverse.

## FACTS

On January 16, 1976, Carl was involved in a rearend automobile accident on her way to work. She heard and felt a pop in her neck. The pain went away, but returned after several months passed. She was treated by a chiropractor, but did not seek other medical assistance. She commenced a lawsuit in Ramsey County.

On August 3, 1977, she was involved in another automobile accident. Carl testified in the trial of the 1977 accident that there was an increase in the symptoms of her neck pain for about one or two months after this accident. After that period, the symptoms returned to the same severity and frequency as before the 1977 accident. She further testified while the 1977 collision was a greater impact, there was no whiplash-type motion of her head and neck. She commenced this lawsuit in Hennepin County against Pennington, the driver of the other vehicle.

Carl claims a permanent injury to her neck. She admits she does not meet the other tort thresholds, i.e., medical expenses in excess of $2,000 or disability for more than sixty days.

In September 1977 she consulted Dr. Lynn Ault, an orthopedic surgeon, due to aggravated symptoms. Dr. Ault stated Carl gave him the same history of a pop in her neck at the time of the January 1976 accident. In a report dated July 8, 1981, Dr. Ault stated that he believed she had a 5% permanent partial disability of the spine. In a letter dated June 28, 1983, he unequivocally stated Patricia's disability was directly related to the 1976 accident. He last saw her in the summer of 1981.

On June 7, 1984, Patricia consulted Dr. Lawrence Farber. In a letter dated that day, Dr. Farber did not indicate her injury was permanent. He summarized:

> We, thus, have a very classic case of a lady who has a post-head injury, post-neck injury and cervical headache problem. This problem is on the basis of her two accidents, and we are going to study this a little bit to determine what percentage of her headaches was due to each accident. Obviously, the last accident was the worst impact and probably

represents the major causative factor in the severe, recurrent headaches.

Carl moved the venue of her action against Pennington to Ramsey County, but her motion to consolidate it with the 1976 accident suit was denied. At trial on the 1976 accident, the jury found for the defendant.

On June 22, 1984, the Ramsey County District Court granted Pennington's motion for summary judgment on the 1977 accident, holding that plaintiff had not met the permanent injury threshold.

### ISSUE

Was summary judgment properly granted?

### ANALYSIS

■ Summary judgment is appropriate if the record shows there is "no genuine issue as to any material fact." Minn.R.Civ.P. 56.03. On review, the court must view the evidence in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bulluck*, 318 N.W.2d 240 (Minn.1982). However, it does serve a "salutary purpose of avoiding useless and time consuming trials." *Jewson v. Mayo Clinic*, 691 F.2d 405 (8th Cir.1982).

■ Non-economic loss is recoverable under Minnesota's No-Fault Act only if one of the tort thresholds of Minn.Stat. § 65B.51, subd. 3 (1982) is met. The party seeking non-economic loss has the burden of proving the facts which satisfy one of the thresholds. *Nemanic v. Gopher Heating and Sheet Metal, Inc.*, 337 N.W.2d 667, 670 (Minn.1983). Carl claims she meets the permanent injury threshold.

The trial court relied on *Marose v. Hennameyer*, 347 N.W.2d 509 (Minn.Ct.App. 1984). In *Marose*, this court held that before a plaintiff can proceed with her action, she must show that she has sustained a permanent injury as a result of the accident giving rise to the litigation. The only evidence submitted in opposition to the summary judgment motion in *Marose* was complainant's "affidavit indicating that she would have future medical costs and that another doctor said her injuries could be permanent." *Id.* at 511. *Marose* is clearly distinguishable since, in that case, the affidavit did not contain sufficient material facts as to permanent disability to withstand a summary judgment motion.

■ In this case, Carl pled facts which raised a fact issue as to whether a permanent injury resulted from the accident. Dr. Ault, in a letter dated June 28, 1983, to Pennington's adjuster, stated "The 5% permanent partial disability of the spine is directly related to the accident in 1976." This statement is somewhat confusing by virtue of his later deposition testimony of January 10, 1984, in which he testified he believed the 1976 accident to be the major cause, but he added that "it's certainly possible the August 1977 injury added substantial additional damage." Dr. Farber, a treating physician for Carl, concluded in an affidavit submitted in opposition to the summary judgment motion: "Obviously, the last accident was the worst impact and probably represents the major causative factor in the severe, recurrent headaches." After Drs. Ault and Farber have testified at trial, evidence of permanent disability may be inadequate to withstand a motion for directed verdict. However, at this stage of the proceedings, sufficient fact issues are raised to make summary judgment inappropriate.

### DECISION

Based upon the entire record, there is some testimony of reasonable medical certainty that a permanent disability resulted from the 1977 accident. The trial court improperly entered a summary judgment in favor of Pennington. We reverse and remand this matter for trial on the merits.

Reversed and remanded.