Jay QUAM, Appellant,

v.

**UNITED FIRE & CASUALTY COMPANY, Respondent.**

No. C7–89–184.

Court of Appeals of Minnesota.

May 23, 1989.

Review Denied July 12, 1989.

Janet Stellpflug, James F. Dunn & Associates, St. Paul, for appellant.

Mark Peschel, Johnson & Lindberg, P.A., Minneapolis, for respondent.

Heard, considered and decided by PARKER, P.J., RANDALL and KALITOWSKI, JJ.

## OPINION

PARKER, Judge.

Appellant Jay Quam challenges the trial court's order granting respondent United Fire & Casualty Company's request to quash Quam's demand for arbitration of no-fault benefits. Quam also contends the trial court erred in finding that United Fire had compensated him for all future medical expenses. We affirm.

## FACTS

Jay Quam was involved as a passenger in a one-vehicle accident which occurred in Minneapolis on March 31, 1982. He suffered injuries in the accident and settled with the driver for $49,000 on a $50,000 policy. Quam then made a claim against his own insurer, United Fire, for underinsured motorist benefits. He was covered under an automobile insurance policy insuring two vehicles, with no-fault medical benefits limits of $20,000 for each vehicle; after stacking, he had total no-fault medical coverage of $40,000. United Fire initially paid $9,102.52, leaving $30,897.48 in available no-fault medical benefits.

Quam and United Fire submitted the issue of underinsured motorist benefits to arbitration. Liability was not contested, and the only issue was Quam's damages. Quam sought damages of more than $243,-000, with this amount including past and future medical expenses, wage loss, and pain and suffering damages. Quam's claim for future medical expenses totaled $28,396.60. Both parties asked that the special damages be specified in the award. On September 4, 1987, the arbitration panel awarded Quam $105,000 for all past and future damages, and then reduced the award of future damages to present value.

Ultimately, $9,102.52 was deducted from the award for no-fault medical benefits which had previously been paid, and $50,000 was deducted from the award for the driver's liability limits. United Fire paid Quam a net of $45,897.48. The arbitrators refused to specify what portion of the general award was for future medical expenses.

Following the arbitration, Quam received further chiropractic treatment and submitted the bills to United Fire for payment. While United Fire did not dispute the legitimacy of these subsequent bills, it refused payment and claimed that it had satisfied an arbitrators' award which included all future damages. Quam then filed a petition to have the claim for medical expenses incurred since the September 4 arbitration settled through another arbitration. United Fire moved to quash Quam's demand for another arbitration and for a finding by the trial court that United Fire had already compensated Quam for future medical expenses. The trial court granted both of United Fire's requests, and Quam appeals.

### ISSUE

Did the trial court err in quashing appellant's request for an arbitration hearing on payment of future medical expenses after an initial arbitration had awarded all past and future medical expenses?

### DISCUSSION

Quam contends that an insurer's liability for payment of future no-fault benefits is not extinguished by reason of an underinsured motorist arbitration decision awarding a lump sum of $105,000 "for all past and future damages." He claims that the arbitrators committed fundamental error when they failed to make a *specific* award as to future damages.

The Restatement (Second) of Judgments provides that a valid and final award by arbitration has the same effect under the principles of res judicata as has a judgment of a court. *Restatement (Second) of Judgments* § 84(1) (1982). Likewise, the Minnesota Supreme Court has held on several occasions that an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact. *Johnson v. Consolidated Freightways, Inc.*, 420 N.W.2d 608, 613 (Minn.1988); *State, by Sundquist, v. Minnesota Teamsters Public & Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn. 1982); *Cournoyer v. American Television & Radio Co.*, 249 Minn. 577, 580, 83 N.W. 2d 409, 411 (1957). An award in arbitration is attended with every presumption of validity. *Mork v. Eureka–Security Fire & Marine Insurance Co.*, 230 Minn. 382, 391, 42 N.W.2d 33, 38 (1950). Only when the arbitrators have clearly exceeded their powers must a court vacate an award. *National Indemnity Co. v. Farm Bureau Mutual Insurance Co.*, 348 N.W.2d 748, 750 (Minn.1984).

The trial court did not err when it gave res judicata effect to the arbitrators' determination of all past and future damages. At the arbitration, Quam sought and proved up $28,396.60 in future medical expenses. While both parties requested that the arbitrators specify the components of the damages award, the arbitrators declined to do so and entered a general award of $105,000 for all past and future damages. Furthermore, after the arbitrators entered the award, *both* parties requested that the trial court confirm the award; either could have applied for a court order to the arbitrators to specify the dollar amount of their award for future wage loss and medical expense.

We believe that the case of *Richardson v. Employers Mutual Casualty Co.*, 424 N.W.2d 317 (Minn.Ct.App.1988), *pet. for rev. denied* (Minn. Aug. 24, 1988), is determinative of this dispute. In *Richardson* the arbitrators made a general award of total damages and did not designate those parts of the award which were for future medical and wage loss benefits. After the arbitration award was rendered, the insureds claimed they had not been fully compensated and sought to increase their recovery of economic loss benefits by stacking their personal policy atop their employer's policy. The trial court declined to permit this, finding that the claimants'

damages had already been determined by the prior arbitration and that to allow further claims would be to allow double recovery in contravention of the No–Fault Act. This court affirmed. *Id.* at 320.

Quam cites *Ferguson v. Illinois Farmers Insurance Group Co.*, 348 N.W.2d 730 (Minn.1984), for the proposition that the arbitrators erred in not specifying the award of future medical expenses because such failure hindered application of the set-off provisions of the No–Fault Act for future benefits. In *Ferguson*, however, the future medical damages *were* specified and the court held that the no-fault policy limits, rather than the award amount, would cap the amount the claimant could recover from its no-fault carrier. *Id.* at 733. Because the future damages award was specified, it was possible to work out a credit and to harmonize the goals of the No–Fault Act, most notably, relief of the victim's economic distress and avoidance of double recovery. *See* Minn.Stat. § 65B.42 (1988). However, if such damages are not specified as to dollar amount, as in the case at hand, and the award specifically states it is for *all* future damages, it is impossible to avoid a double recovery without giving preclusive effect to the arbitration award.

We note that the equities in this resolution are not adverse to Quam. Quam proved up $28,396.60 in future medical expenses at the arbitration, when he had $30,-897.48 remaining in his no-fault medical coverage. The arbitrators' general award encompassed the amount claimed by the insured, and no substantial windfall can accrue to the insurer.

## DECISION

The trial court did not err in giving res judicata effect to the arbitrators' award of all past and future damages.

Affirmed.