**Alesia M. JOHNSON, Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
**Respondent.**

No. C6–97–1677.

Court of Appeals of Minnesota.

March 3, 1998.

Laura L. Daly, Lindquist & Vennum, P.L.L.P., Minneapolis, for appellant.

Jill T. Doescher, Brett W. Olander & Associates, St. Paul, for respondent.

Considered and decided by WILLIS, P.J., and LANSING and DAVIES, JJ.

## OPINION

LANSING, Judge.

■ This appeal raises the question of whether the Minnesota legislature intended the noneconomic damage thresholds in the No–Fault Act to apply to an insured's action against her own insurer for uninsured motorist coverage. We conclude that the thresholds apply and affirm in part and reverse and remand in part.

### FACTS

Alesia Johnson, a victim of a motor vehicle accident caused by an uninsured driver, She-

dric Jenkins, sued her own insurance carrier, State Farm Mutual Automobile Insurance Company, for uninsured motorist (UM) benefits. It is undisputed that Jenkins's negligence caused the accident.

The UM provisions in Johnson's policy required State Farm to pay damages that Johnson was legally entitled to collect from an uninsured driver, up to a maximum of $30,000. When Johnson and State Farm were unable to agree on the amount of damages, Johnson sued State Farm for breach of its agreement to pay UM benefits.

Before trial, State Farm submitted a list of proposed jury instructions, including an instruction on the noneconomic damage thresholds in the No–Fault Act, Minn.Stat. § 65B.51 (1996) (No–Fault thresholds). Johnson objected to this instruction, arguing that an action for UM benefits should not be subject to the No–Fault thresholds. The district court declined to decide before trial whether the thresholds should be applied to Johnson's UM claim, reasoning that the issue would be moot if the jury found that Johnson had met the permanent injury threshold. Although preserving her objection, Johnson agreed that the court could issue a general instruction on the thresholds and a special verdict interrogatory on the issue of permanent injury.

The jury returned a special verdict finding that Johnson did not sustain permanent injuries as a result of the accident. The jury found that Johnson's medical expenses prior to the time of trial were $3,522.93, that she had suffered past wage losses of $315, and that her future medical expenses were expected to be $2,000. The jury found that Johnson was not entitled to recover damages for past or future pain, disability, or emotional distress. The district court adopted the jury's special verdict findings and concluded that Johnson was not entitled to recover on her complaint against State Farm.

## ISSUE

Do the No–Fault thresholds apply to a plaintiff's action against her own insurer for UM benefits?

## ANALYSIS

Whether the No–Fault thresholds apply to Johnson's UM action against State Farm requires analysis of Minn.Stat. §§ 65B.41–.71 (1996), the Minnesota No–Fault Automobile Insurance Act. The facts underlying our analysis are undisputed. The district court's application of a statute to undisputed facts is a conclusion of law fully reviewable by an appellate court. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.,* 260 N.W.2d 579, 582 (Minn.1977).

The No–Fault thresholds at issue are set forth in subdivision 3 of section 65B.51, which incorporates a definition from subdivision 1. Together, the subdivisions provide:

> Subdivision 1. **Deduction of basic economic loss benefits.** With respect to a cause of action in negligence accruing as a result of injury arising out of the operation, ownership, maintenance or use of a motor vehicle with respect to which security has been provided as required by sections 65B.41 to 65B.71, the court shall deduct from any recovery the value of basic or optional economic loss benefits paid or payable * * *.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> Subd. 3. **Limitation of damages for noneconomic detriment.** In an action described in subdivision 1, no person shall recover damages for noneconomic detriment unless:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (b) [T]he injury results in:
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> (2) permanent injury * * *.

*Id.* "Noneconomic detriment" is defined as "all dignitary losses suffered by any person as a result of injury arising out of the ownership, maintenance, or use of a motor vehicle including pain and suffering, loss of consortium, and inconvenience." Minn.Stat. § 65B.43, subd. 8 (1996).

Johnson interprets the thresholds to apply only to "negligence actions" arising out of the operation of a motor vehicle with respect to which security has been provided. Johnson's lawsuit for UM benefits is a breach-of-contract action against her own insurer. There-

fore, Johnson argues that the thresholds do not apply to her litigation against State Farm. Although Johnson's argument has some apparent logic, on close analysis, it is unpersuasive.

The No–Fault Act provides in section 65B.51, subdivision 3, that no person shall recover damages for noneconomic detriment in an "action" described in section 65B.51, subdivision 1, unless certain thresholds are met. Subdivision 1 addresses the deduction of collateral benefits "with respect to a cause of action in negligence." Johnson claims that the phrase "with respect to a cause of action in negligence" limits the No–Fault thresholds solely to negligence actions. But Johnson's argument ignores the words "cause of" in the phrase "cause of action." Stated differently, she equates action and cause of action as interchangeable terms.

"Cause of action" has as its primary meaning "[t]he fact or facts which give a person a right to judicial redress or relief against another." *Black's Law Dictionary* 221 (6th ed.1990). A cause of action is "a claim in law and fact sufficient to demand judicial attention; the composite of facts necessary to give rise to the enforcement of a right." *Barron's Law Dictionary* 63 (2d ed.1984). *See also* Bryan A. Garner, *A Dictionary of Modern Legal Usage* 140 (2d ed.1995) (defining cause of action as a group of operative facts and cautioning that cause of action should not be confused with other terms).

Applying these definitions, the phrase "[w]ith respect to a cause of action in negligence" appears to encompass more than simply "an action in negligence." Properly defined, the phrase refers to the operative facts underlying a negligence action. Johnson's contract action against her UM insurer, as required by the statute, arises out of the same operative facts that give rise to an action in negligence. Johnson's ability to collect under her UM coverage is conditioned on the existence of a cause of action in negligence.[1] Consequently, the phrase "[w]ith respect to a cause of action in negligence" could refer to both a negligence action and the contract action arising from the same operative facts that is conditioned on the negligence. We recognize that the official headnote to section 65B.51 refers to "tort recovery" which, again, facially supports Johnson's claim that the legislature intended to limit the No–Fault thresholds to negligence actions. But the legislature has expressly provided that such headnotes "are mere catchwords to indicate the contents of the section or subdivision and are not part of the statute." Minn.Stat. § 645.49 (1996).

When a law contains words that are not explicit, "the intention of the legislature may be ascertained by considering * * * [t]he consequences of a particular interpretation." Minn.Stat. § 645.16(6) (1996). When the language of a statute is unclear, a reviewing court should interpret the statute as consistently as possible with the purpose of the act. *Huffman v. School Bd. of Independent Consol. Sch. Dist. No. 11*, 230 Minn. 289, 292, 41 N.W.2d 455, 457 (1950). A consistent interpretation requires a construction of the provision in the context of other related provisions to determine its meaning. *Kollodge v. F. and L. Appliances, Inc.*, 248 Minn. 357, 360, 80 N.W.2d 62, 64 (1956). *See Smith v. Illinois Farmers Ins. Co.*, 455 N.W.2d 499, 500 (Minn.App.1990) (stating that "scope of uninsured motorist coverage is to be co-extensive with other coverage afforded under the No–Fault Act"), *review denied* (Minn. July 13, 1990).

The purpose of UM insurance is to take the place of liability insurance that the tortfeasor should have purchased. Theodore J. Smetak, et al., *Minnesota Motor Vehicle Insurance Manual* 335 (2d ed.1994) (citing *McIntosh v. State Farm Mut. Auto. Ins. Co.*, 488 N.W.2d 476 (Minn.1992)). Because the insured is subject to the No–Fault thresholds when suing the tortfeasor, and because the UM insurer takes the place of the liability

---

1. UM coverage requires that the insured be "legally entitled to recover damages for bodily injury from owners or operators of uninsured motor vehicles." Minn.Stat. § 65B.43, subd. 18 (1996). State Farm's policy conditioned UM coverage on a determination that the owner or driver of the uninsured motor vehicle "legally owe the insured damages." Commentators have described this coverage as "tort based," which "depend[s] upon the negligent conduct of a tortfeasor." Theodore J. Smetak, et al., *Minnesota Motor Vehicle Insurance Manual*, 284 (2d ed.1994).

insurer, it is logical that the insured must also meet one of the thresholds when suing the UM insurer.

An overall purpose of the No–Fault Act is to "restrict the right to recover general damages to cases of serious injury." Minn.Stat. § 65B.42(2). In establishing the thresholds in Minn.Stat. § 65B.51, subd. 3, the legislature specifically defined "serious injury." The jury determined that Johnson has not met the thresholds for "serious injury" in this UM claim; thus, the purposes of the No–Fault Act would be thwarted by allowing her to recover noneconomic damages from her UM insurer.

Johnson points out that her insurance policy obligates State Farm to pay UM benefits in place of the damages that Johnson would be "legally entitled to collect" from Jenkins. This policy language is equivalent to the statutory definition of UM coverage as first-party coverage for persons "who are legally entitled to recover damages for bodily injury" from owners or operators of uninsured vehicles. Minn.Stat. § 65B.43, subd. 18 (1996). Johnson may be "legally entitled" to collect tort damages from Jenkins. *See* Minn.Stat. § 169.797, subd. 1 (providing that owner of uninsured vehicle is not relieved from tort liability by reason of No–Fault Act). Section 169.797, however, must be construed together with the provisions of chapter 65B as a whole. *See Minneapolis Police Officers Fed'n v. City of Minneapolis,* 481 N.W.2d 372, 374 (Minn.App.1992) (stating general rule that statutes *in pari materia,* relating to the same issue or having a common purpose, should be construed together).

UM insurance is intended to provide the coverage that would have been provided by the tortfeasor's liability carrier, had the tortfeasor been insured. *McIntosh,* 488 N.W.2d at 479 (stating that victim "collects under her own policy the compensation that the liability carrier would have paid if the uninsured motorist had been insured"). Standing in the stead of that theoretical insurer, State Farm should not be deprived of the provisions that would apply to an actual insurer. The thresholds should apply to an action against the UM carrier.

Johnson argues that when an owner of a vehicle—i.e., Jenkins—has failed to obtain coverage for his vehicle, he should not be allowed to benefit from the No–Fault thresholds. This argument is supported by several writers in the area of no-fault benefits. *See* Michael K. Steenson, *A Primer on Minnesota No–Fault Automobile Insurance,* 7 Wm. Mitchell L.Rev. 313, 388 (1981) (stating that "quid pro quo for procuring the insurance required by the Act is the limited tort immunity granted by the tort thresholds. If the security has not been provided, the defendant is not entitled to that immunity"); Peter H. Berge and James R. Schwebel, *The Practitioner's Guide to the Minnesota No–Fault Act* § 8.3 (3d ed.1988) (stating in a suit against such a driver no threshold need be shown). But the issues raised in this appeal do not include the issue whether a suit by Johnson against Jenkins himself would be subject to the No–Fault thresholds. Johnson seeks recovery from State Farm, not Jenkins. As Johnson's UM insurer, State Farm does not stand in Jenkins's shoes but in the shoes of Jenkins's absent liability insurer.

Finally, we note that the jury awarded Johnson damages only for *economic* loss. Johnson is entitled, by statute and pursuant to her insurance contract with State Farm, to receive the damages awarded by the jury, reduced by any basic economic loss benefits that she has already received from State Farm. *See* Minn.Stat. § 65B.49, subd. 3a(4) (providing that plaintiff may not recover UM benefits for damages paid or payable from basic economic loss benefits).

## DECISION

The statutory No–Fault thresholds apply to Johnson's UM action for noneconomic loss; however, because the jury awarded damages for only economic loss, Johnson is entitled to those damages, reduced by any no-fault benefits that she has already received from State Farm.

**Affirmed in part and reversed and remanded in part.**