Jana KYUTE, Respondent,

v.

Evelyn AUSLUND, Appellant.

No. C2-03-164.

Court of Appeals of Minnesota.

Sept. 16, 2003.

Paul R. Aamodt, Fargo, ND, for appellant.

Kristi A. Hastings, Pemberton, Sorlie, Rufer & Kershner, Fergus Falls, MN, for respondent.

Considered and decided by HUDSON, Presiding Judge, WILLIS, Judge, and ANDERSON, Judge.

## OPINION

G. BARRY ANDERSON, Judge.

This case rises out of a motor-vehicle accident. Following a jury trial on the

issue of damages resulting from the accident, respondent was awarded $913.43 for unreimbursed past medical expenses, $6,000 for future medical expenses, and $6,000 for loss of future earning capacity. Judgment for these amounts was entered against appellant. Appellant challenges the judgment, arguing that (1) respondent's unreimbursed past medical expenses should be paid by respondent's first-party insurer, and (2) future medical expenses and loss of future earning capacity are non-economic damages subject to the tort-threshold requirements of Minn. Stat. § 65B.51, subd. 3 (2002). Because we conclude that appellant is liable for respondent's unreimbursed past medical expenses and that future medical expenses and loss of future earning capacity are economic damages, not subject to the tort-threshold requirements of Minn.Stat. § 65B.51, subd. 3, we affirm.

## FACTS

On October 9, 1998, respondent Jana Kyute sustained injuries in a motor-vehicle accident when her vehicle was struck by appellant Evelyn Ausland's vehicle. Appellant admitted liability for the accident. A jury trial on the issue of damages was held, and the jury returned a special verdict on August 2, 2002. The jury found that respondent did not satisfy any of the tort-threshold requirements of Minn.Stat. § 65B.51, subd. 3 (2002), and awarded respondent, relevant to this appeal, $913.43 for unreimbursed past medical expenses, $6,000 for future medical expenses, and $6,000 for loss of future earning capacity.

The district court concluded that respondent was entitled to the awards for unreimbursed past medical expenses, future medical expenses, and loss of future earning capacity, and judgment was entered accordingly.

This appeal follows.

## ISSUES

I. Is respondent entitled to recovery for unreimbursed past medical expenses?

II. Is respondent entitled to recovery for future medical expenses and loss of future earning capacity?

## ANALYSIS

### I.

■ Appellant contends that because the $913.43 balance for past medical expenses is payable by respondent's first-party insurance provider, appellant should not be liable for this amount. This court will substitute its judgment for that of the jury only when there is no evidence reasonably tending to support the verdict. *Baker v. Amtrak Natl. R.R. Passenger Corp.*, 588 N.W.2d 749, 753 (Minn.App. 1999).

Under Minn.Stat. § 65B.51, subd. 2 (2002), uncompensated economic losses may be recovered in a negligence action involving an automobile that is insured as required by the no-fault act, without regard to tort thresholds. *Nemanic v. Gopher Heating & Sheet Metal, Inc.*, 337 N.W.2d 667, 669 (Minn.1983). Expenses for medical, x-ray, and rehabilitative services are economic losses under Minn.Stat. § 65B.51, subd. 2. *See* Minn.Stat. §§ 65B.44, subd. 2 (medical, x-ray and rehabilitative services shall be reimbursed by medical expense benefits), .51, subd. 2 (economic loss includes uncovered costs as outlined in Minn.Stat. § 65B.44) (2002).

Here, the jury found that respondent had incurred $5,383.80 in diagnostic x-ray, rehabilitation, and non-diagnostic and non-rehabilitative health-care expenses. The district court found that respondent had been reimbursed $4,470.37 of these costs,

resulting in a balance of $913.43. Respondent testified that she had been "cut off" from receipt of no-fault benefits prior to trial, which resulted in the unreimbursed amount and the record contains no evidence to the contrary. The jury's award is supported by the evidence presented at trial and the district court's finding on this issue is supported by the record and is not clearly erroneous. Respondent is entitled to recovery of her unreimbursed past medical expenses as determined by the jury.

## II.

Appellant contends that respondent should not recover future medical expenses and loss of future earning capacity because respondent did not establish one of the tort thresholds set forth in Minn. Stat. § 65B.51, subd. 3 (2002). At its core, appellant's argument is that future medical expenses and loss of future earning capacity are non-economic losses and, thus, are not recoverable without establishing one of the section 65B.51, subdivision 3, tort thresholds. Statutory construction is a question of law that this court reviews de novo. *State v. Kiminski*, 474 N.W.2d 385, 389 (Minn.App.1991), *review denied* (Minn. Oct. 11, 1991). The district court's findings of fact will not be set aside unless clearly erroneous. Minn. R. Civ. P. 52.01.

Minn.Stat. § 65B.51, subd. 1 states:

With respect to a cause of action in negligence accruing as a result of injury arising out of the operation * * * of a motor vehicle.

Further, no person shall recover damages for noneconomic detriment unless they have established one of the listed tort thresholds. *Id.* at subd 3. Statutes also define "noneconomic detriment" as

all dignitary losses suffered by a person as a result of injury arising out of the * * * use of a motor vehicle including

pain and suffering, loss of consortium, and inconvenience.

*Id.* at, subd. (8). Although "economic loss" is not defined by statute, quantifiable future medical expenses and loss of future earning capacity are entirely distinguishable from pain and suffering, loss of consortium and other "dignitary losses." Additionally, Minn.Stat. § 65B.43, subd 7, defines "loss" as "economic detriment * * * consisting of medical expense, and income loss * * *." As a general proposition, medical expenses and loss of income are clearly economic losses.

This court has recognized that future loss of earning capacity and future medical expenses are economic losses distinguishable from non-economic losses such as pain and suffering and disability. *Johnson v. State Farm Mut. Auto. Ins. Co.*, 574 N.W.2d 468, 472 (Minn.App.1998) (stating that jury award for past medical expenses, past wage loss, and future medical expenses included award "only for *economic* damages" (emphasis in original)); *see Ward v. Ward*, 453 N.W.2d 729, 732 (Minn. App.1990) (stating that compensation for future medical expenses and loss of future earning capacity, through settlement of a personal injury suit, are economic damages, as opposed to non-economic damages for pain and suffering), *review denied* (Minn. June 6, 1990); *see Marose v. Hennameyer*, 347 N.W.2d 509, 511 (Minn.App. 1984) (recognizing the appellant's claim for future medical expenses as a claim for future economic loss).

In light of the statutory definitions and precedent, we find it difficult to comprehend how *past* medical expense and income loss, long recognized as economic losses, could differ so much in character from *future* medical expense and income loss or earning capacity so as to render those future damages non-economic losses. We recognize that allowing claims for fu-

ture medical expenses and loss of future income without requiring satisfaction of one of the tort-threshold requirements may well lead to increased litigation, but the legislature has not acted to bar these types of claims, and it is not this court's province to do so.

As economic losses, future medical expenses and loss of future income are not subject to the tort-threshold requirements of Minn.Stat. § 65.51, subd. 3. By extension, as economic losses not covered by first-party insurance, future medical expenses and loss of future earning capacity are recoverable without establishing one of the tort thresholds of section 65B.51, subdivision 3. Minn.Stat. § 65B.51, subd. 2 (2002).

## DECISION

Because respondent is entitled to recovery of unreimbursed past medical expenses, and because future medical expenses and loss of future earning capacity are economic damages, not subject to the tort-threshold requirements of Minn.Stat. § 65B.51, subd. 3 (2002), we affirm.

**Affirmed.**