**Michael LINDNER and Cindy Lindner, Appellants,**

v.

**Audry LUND and Paul Lund, Respondents.**

**No. CO–83–1745.**

Court of Appeals of Minnesota.

July 17, 1984.

Kevin L. Callahan, Paige J. Donnelly, Ltd., St. Paul, for appellants.

Arlen R. Logren, St. Paul, for respondents.

Heard, considered and decided by LANSING, P.J., and FOLEY and LESLIE, JJ.

## OPINION

LANSING, Presiding Judge.

Appellants Michael and Cindy Lindner appeal from the entry of summary judgment in favor of the respondents, Audry and Paul Lund. In their personal injury action, the Lindners claimed permanent in-

jury or disability of 60 days or more to Michael Lindner as a result of an automobile accident. The trial court entered summary judgment after ruling that appellants failed to meet the tort thresholds to maintain a claim for negligence and recover noneconomic benefits under the Minnesota No-Fault Act. We affirm in part and reverse in part.

## FACTS

After appellants brought a personal injury action against the respondents, respondents moved for summary judgment and argued that the tort thresholds under Minn.Stat. § 65B.51, subd. 3 (1982), were not met. In opposition, the appellants primarily relied on a letter from Dr. Ahiers, a chiropractic physician, which stated:

> Due to the length of time elapsed from the date of injury to the present time, I feel he [Michael Lindner] has a Partial Permanent injury to the Cervical Area. He Complains of Headaches and Tenderness in the Alanto Occipical [sic] Area and pain in turning his head to the right. Palpation reveals tenderness along the Cervical Muscles into the Shoulder Girdle. I will continue treatment as long as he gets some relief if Possible.

Appellants also relied on their answers to interrogatories and their depositions detailing the extent of Lindner's injuries. In granting respondents' motion the trial court rejected appellants' contention that Lindner suffered either from a permanent injury or a disability of 60 days or more.

## ISSUE

Did the trial court properly grant summary judgment because the appellants' evidence was not sufficient to raise a genuine issue of material fact that Michael Lindner was permanently injured or disabled 60 days or more?

## ANALYSIS

■ Summary judgment is a blunt instrument and should be employed only where it is perfectly clear that no genuine issue of material fact is involved. *Nord v.*

*Herreid,* 305 N.W.2d 337, 339 (Minn.1981). The nonmoving party has the benefit of that view of the evidence which is most favorable and is entitled to have all doubts and factual inferences resolved against the moving party. *Id.*

Summary judgment is appropriate if:

> the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to judgment as a matter of law.

Rule 56.03, Minn.R.Civ.P. In reviewing an entry of summary judgment, this court applies the same standard the trial court uses in deciding whether to grant summary judgment and determines (1) whether there are any genuine issues of material fact and (2) whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). *See also Jewson v. Mayo Clinic,* 691 F.2d 405, 408 (8th Cir.1982).

■ Under our No-Fault Act, automobile accident victims suing for noneconomic losses are ineligible for recovery unless they meet one of the tort thresholds set out in Minn.Stat. § 65B.51, subd. 3. *Nemanic v. Gopher Heating and Sheet Metal, Inc.,* 337 N.W.2d 667, 669 (Minn.1983). The tort threshold is an additional element of a negligence action under the Act which must be pleaded and proved. *Id.* Noneconomic losses are "all dignitary losses suffered by any person as a result of injury arising out of the ownership, maintenance, or use of a motor vehicle including pain and suffering, loss of consortium, and inconvenience." Minn.Stat. § 65B.43, subd. 8 (1982).

The tort thresholds under Minn.Stat. § 65B.51, subd. 3, include (1) permanent disfigurement, (2) permanent injury, (3) death, or (4) disability for 60 days or more.

■ In rejecting appellants' claim of permanent injury, the trial court reasoned that Dr. Ahiers' letter did not point to any specific facts evidencing the permanent nature of the injury and did not give the basis for his diagnosis. Under Rule 56.05, Minn.

R.Civ.P., affidavits and other papers in opposition to a motion for summary judgment "shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The content of Dr. Ahiers' letter was admissible, as required under Rule 56.05. *See Murphy v. Country House, Inc.*, 307 Minn. 344, 240 N.W.2d 507 (1976). Dr. Ahiers could testify as a chiropractic physician and give his opinion that appellant has a permanent injury. *See Line v. Nourie*, 298 Minn. 269, 215 N.W.2d 52 (1974).

■ The court also indicated that an injury referred to as "partially permanent" was not an unqualifiedly permanent one. In his letter Dr. Ahiers did not say appellant's injury was of an unqualified nature. He said it was "partial permanent," which means the injury is permanent, but only to part of the body, in this case the cervical area. Whether appellant's injuries were permanent was a question for the jury and was not a proper matter for summary judgment. *See Carufel v. Steven*, 293 N.W.2d 47 (Minn.1980). *See also Nemanic*, 337 N.W.2d at 670.

■ In contrast, we believe summary judgment was properly granted on the threshold requirement of disability. Disability for 60 days or more is the "inability to engage in substantially all of the injured person's usual and customary daily activities." Minn.Stat. § 65B.51, subd. 3(c) (1982). The 60-day requirement is cumulative and does not require 60 consecutive days of disability. Steenson, *No-Fault in a Fault Context: Tort Actions and Section 65B.51 of the Minnesota No-Fault Automobile Insurance Act*, 2 Wm. Mitchell L.Rev. 109, 151 (1976).

However, in their answers to interrogatories and depositions, appellants have not presented sufficient evidence to raise a genuine issue of material fact. In his deposition, Michael Lindner stated he missed out on some family activities because of neck pain or headache. He also stated that his ability to work as a truck driver was restricted because of the pain. He indicated he was not confined to bed or hospitalized and was confined to the house for only three days. This does not reach the severity required to raise a jury issue on whether he has been unable to engage in substantially all of his usual and customary daily activities. In *Marose v. Hannameyer*, 347 N.W.2d 509 (Minn.Ct.App.1984), we upheld the entry of summary judgment because of failure to meet the disability threshold. There, Marose was off work for nine days and was seen at a clinic on six occasions. Because appellants have not presented sufficient facts to demonstrate a genuine issue of material fact on whether Michael Lindner was disabled for 60 days or more, summary judgment was properly granted on this issue.

## DECISION

The appellants presented sufficient material facts to withstand a summary judgment motion on whether the tort threshold of permanent injury was met. A jury should determine this question. Appellants did not present sufficient material facts to withstand a summary judgment motion on whether the tort threshold of disability was met and, thus, summary judgment was properly granted on this ground.

Affirmed in part, reversed in part.