**Brenda Lou KISSNER, et al.,**
**Appellants,**

v.

**Vinson NORTON and Olen Burrage**
**Trucking, Inc., Respondents.**

**No. C5–87–504.**

Court of Appeals of Minnesota.

Sept. 22, 1987.

Terrence R. Peterson, Paige J. Donnelly, Ltd., St. Paul, for appellants.

Mark P. Hodkinson, Bassford, Heckt, Lockhart & Mullin, P.A., Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and FOLEY and HUSPENI, JJ.

## OPINION

FOLEY, Judge.

Brenda Lou Kissner and Greg Kissner appeal from a grant of summary judgment to respondents Vinson Norton and Olen Burrage Trucking, Inc. in this personal injury action. We affirm.

### FACTS

In December 1984, appellant Brenda Lou Kissner was involved in an accident when her car collided with a semi-truck operated by a driver employed by respondents Vinson Norton and Olen Burage Trucking, Inc. In July 1985, she and her husband, appellant Greg Kissner, commenced this action.

In February 1986, respondents moved for an order to compel discovery, claiming that appellants had failed to produce documents as requested and that appellants' responses to interrogatories were incomplete. The trial court ordered appellants to comply with discovery within 10 days and to pay attorney fees of $200.

Respondents thereafter brought a second motion seeking dismissal of the complaint based upon appellants' failure to fully comply with the prior discovery order. In an

order issued June 19, 1986, respondents' motion to dismiss was denied and appellants were ordered to respond completely to the interrogatories and to provide any statements taken regarding the action. Appellants were also ordered to pay the previously awarded attorney fees.

In December 1986, respondents moved for summary judgment on the ground that appellants had failed to produce any evidence to meet the tort thresholds of Minn. Stat. § 65B.51, subd. 3(b) (1984), and alternatively for dismissal based on appellants' failure to comply with the two previous discovery orders.

On January 7, 1987, appellants' attorney obtained an unsigned letter from Dr. John Larkin, Jr. which states in full:

> I feel that Brenda Kissner does have a disability of her spine, related by history to her injury on the 12th of December 1984. It would [be] helpful in pinpointing her problem more exactly, to do further diagnostic studies, however, I don't feel that the diagnostic studies are necessary to establish that she does in fact have a disability.

A notation indicates that the letter was "[d]ictated, not read".

At the hearing in January 1987, appellants' attorney argued that summary judgment was inappropriate because Larkin's letter created a genuine issue as to the permanency of the disability. Although he does not specifically request a continuance at the hearing, he cites Minn.R.Civ.P. 56.06 and emphasizes that he "has done everything possible to secure" the necessary report from Larkin.

The trial court nevertheless granted summary judgment and dismissed the complaint with prejudice. In its attached memorandum, the court stated that Larkin's letter "is insufficient as a matter of law to raise a genuine issue of fact as to [appellant's] disability for purposes of Minn.Stat. § 65B.51(3)." This appeal followed entry of judgment.

## ISSUES

1. Does a genuine issue of material fact exist as to whether appellants have met the tort thresholds of Minn.Stat. § 65B.51, subd. 3(b)?

2. Did the trial court abuse its discretion by not granting a continuance?

## ANALYSIS

### I

On appeal from a grant of summary judgment, we are to determine whether there are any genuine issues of material fact, and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979). Although the burden is on the moving party to show an absence of material facts, once that burden is met "an adverse party may not rest upon the mere averments or denials of his pleading but must present *specific* facts showing that there is a genuine issue for trial." Minn.R. Civ.P. 56.05 (emphasis added). *See also Hommerding v. Peterson*, 376 N.W.2d 456, 459 (Minn.Ct.App.1985).

Appellants claim they satisfy the tort thresholds of section 65B.51, subd. 3(b), which provides in pertinent part:

> Subd. 3. **Limitation of damages for non-economic detriment.** In an action described in subdivision 1, no person shall recover damages for non-economic detriment unless:
>
> \*     \*     \*     \*     \*     \*
>
> (b) the injury results in:
> (1) permanent disfigurement;
> (2) permanent injury;
> (3) death; or
> (4) disability for 60 days or more.

Minn.Stat. § 65B.51, subd. 3(b).

In *Marose v. Hennameyer*, 347 N.W.2d 509 (Minn.Ct.App.1984), the defendant had similarly moved for summary judgment on the ground that the plaintiff failed to meet the tort thresholds necessary to maintain a negligence suit under the No-Fault Act as set out in Minn.Stat. § 65B.51, subd. 3(b) (1982). In opposition to the motion for summary judgment, Marose submitted her medical records and her own affidavit stating that she would have future medical

expenses and that she had been told by a doctor that her injury was permanent. *Marose*, 347 N.W.2d at 510. Her medical records, however, included a treating physician's contrary statement that Marose's injuries would *not* be permanent. *Id.*

Affirming the trial court's grant of summary judgment in favor of Hennameyer, this court reasoned that Marose's own statement as to the permanency of her injury could not overcome the statement of her own treating physician to the contrary. This court further reasoned that because Marose was only off work for a total of nine days and was seen at the clinic only six times, she failed to prove that she was disabled or unable "to engage in substantially all of [her] usual and customary daily activities" for more than sixty days. *Marose*, 347 N.W.2d at 511 (quoting Minn. Stat. § 65B.51, subd. 3(c) (1982) (definition of disability)).

Here, appellants have offered no evidence to suggest that there has been a permanent injury or disability for more than 60 days. Larkin's letter fails to raise a genuine issue of fact as to the permanency of the injury and merely states that appellant Brenda Kissner has "a disability of her spine, related by history to her injury on the 12th of December 1984." [1] Nor is there any evidence to suggest that appellant Brenda Kissner has had a disability for sixty days or more. It appears that she has missed only about four days of work and has received only $447 in wage loss benefits. There is no evidence that she has been disabled or is unable to "engage in substantially all of [her] usual and customary daily activities." Minn.Stat. § 65B.51, subd. 3(c) (1984).

We find *Lindner v. Lund*, 352 N.W.2d 68 (Minn.Ct.App.1984) distinguishable. In *Lindner*, the plaintiff relied not only upon a chiropractor's letter (which specifically noted the existence of a "[p]ermanent injury"), but also upon interrogatories and depositions detailing the extent of his injuries. *Id.* at 70. Determining that the chiroprac-

tor's letter was admissible under Minn.R. Civ.P. 56.05, this court determined that the plaintiff had successfully raised a fact issue as to the permanency of his injury and, therefore, summary judgment was not appropriate on the permanent injury threshold. *Id.* at 71. In this case, however, appellants rely solely upon Larkin's letter, which fails to state there has been a permanent injury.

We agree with the trial court's conclusion that appellants failed to raise any genuine issue to overcome the statutory tort threshold.

## II

On appeal, appellants also argue that the trial court abused its discretion in not granting a continuance to permit further discovery under Minn.R.Civ.P. 56.06. Although appellants did not bring a formal motion seeking this relief, in affidavits and at the hearing their attorney attempted to explain why he had failed to obtain a more complete medical report.

■ In deciding whether a continuance should be granted to allow more time for discovery, a court should consider whether the party seeking more time is acting from a good faith belief that material facts will be discovered or is merely engaging in a "fishing expedition," and whether the party has been diligent in seeking discovery prior to bringing the motion. *Bixler by Bixler v. J.C. Penney Co., Inc.*, 376 N.W.2d 209, 216–17 (Minn.1985) (citing *Rice v. Perl*, 320 N.W.2d 407, 412 (Minn. 1982)).

■ The procedural history of this case establishes that appellants have been less than diligent in their prior discovery efforts. Appellants have failed to fully comply with respondents' discovery requests, even after being twice ordered to do so in March 1986 and in June 1986. As late as March 1986, appellants' attorney admitted in response to a request for production of documents that there are "[n]o medical re-

---

1. Although Larkin's letter is unsigned and was not even read by the doctor, we decline to rule on its competency or admissibility. For the purposes of this appeal, we only note that there is no dispute that the letter is actually from Larkin.

ports at this time." Appellants further admit that their efforts to obtain a report from Larkin did not even begin until October 1986. From this; it is clear that appellants had ample time within which to obtain evidence necessary to satisfy the tort thresholds and withstand a motion for summary judgment. The trial court's refusal to grant them even more time was not a clear abuse of discretion.

## DECISION

The trial court's grant of summary judgment is affirmed.

Affirmed.