**Leslie Scot McNAIR, Plaintiff and Appellant,**

v.

**Daniel FARRIS, Defendant and Appellee.**

No. 960567–CA.

Court of Appeals of Utah.

Aug. 21, 1997.

Lynn P. Heward, Salt Lake City, for Appellant.

Joseph J. Joyce and Kristin A. VanOrman, Salt Lake City, for Appellee.

Before DAVIS, WILKINS and BILLINGS, JJ.

DAVIS, Presiding Judge:

Appellant Leslie Scot McNair challenges the trial court's entry of summary judgment in favor of appellee Daniel Farris. We affirm.

## BACKGROUND

" 'Before we recite the facts, we note that in reviewing a grant of summary judgment, we view the facts and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. We state the facts in this case accordingly.' " *Lopez v. Union Pac. R.R. Co.*, 932 P.2d 601, 602 (Utah 1997) (quoting *Higgins v. Salt Lake County*, 855 P.2d 231, 233 (Utah 1993)).

On October 10, 1994, Farris drove his vehicle over McNair's foot, fracturing McNair's third and fourth metatarsals. One week later, McNair filed a complaint against Farris seeking $200,000 in damages for "(a) Fracture of bones in left foot[;] (b) Injury to soft tissues in left foot and ankle[;] (c) Permanent disability[;] (d) Pain and suffering, both mental and physical, past and future[;] (e) Medical bills, past and future[; and] (f) Loss of earnings and earning capacity." On March 17, 1995, and again on September 15, 1995, McNair filed certificates of readiness for trial which stated, inter alia,

1. That all required pleadings have been filed and the case is at issue as to all parties.

2. That counsel has completed all discovery; that opposing counsel have had reasonable time to pursue discovery; and that all discovery of record has been completed.

3. That if medical testimony is contemplated or required, copies of all existing medical reports have been made available to all counsel or parties of record.

4. That there are no motions that have been filed which remain pending and upon which no disposition has been made.

5. That reasonable discussions to effect settlement have been pursued by counsel and their clients but no settlement has been effected.

The trial was then scheduled for December 11, 1995.

On November 20, 1995, Farris filed a motion for summary judgment with a supporting memorandum. Farris's memorandum noted the October 10 accident and stated that McNair "has sought coverage from his personal injury protection (PIP) carrier under the Utah No–Fault Act for his alleged injuries." Also, Farris noted that McNair's medical expenses incurred as a result of the October 10 accident totaled $1222.20. To support his memorandum, Farris cited the Affidavit of Ernest Rodriguez, a State Farm Insurance claims adjustor, which affirms that McNair's claims for medical expenses filed against his no-fault insurance total $1222.20. Farris asserted that he was "entitled to judgment as a matter of law" because the undisputed total medical expenses suffered by McNair failed to meet the $3000 threshold necessary under Utah's No–Fault Act, Utah Code Ann. § 31A–22–309(1)(e) (1994),[1] and because McNair's injuries did not constitute a "serious impairment of bodily function."

McNair's counsel filed a Motion for Continuance of Trial Date on November 27, 1995, alleging "the whereabouts of [McNair] [have] become unknown to counsel." In his supporting memorandum, McNair's counsel cited his own affidavit, which stated:

[I] contacted ... Dr. Ross Jarrett [and he] informed [me] that if [McNair] could be sent in for a medical exam, that the office would answer the question as to whether or not [McNair's] injuries have resulted in permanent impairment.... [E]fforts to locate [McNair] to instruct him to make contact with the above medical office have been unsuccessful.

In response, Farris filed an objection to the motion for continuance and a request for decision. On December 8, 1995, three days

---

1. Utah Code Ann. § 31A–22–309(1) (1994), on which McNair's cause of action relies, states:

A person who has or is required to have direct benefit coverage under a policy which includes personal injury protection may not maintain a cause of action for general damages arising out of personal injuries alleged to have been caused by an automobile accident, except

where the person has sustained one or more of the following:
 (a) death;
 (b) dismemberment;
 (c) permanent disability or permanent impairment based upon objective findings;
 (d) permanent disfigurement; or
 (e) medical expenses to a person in excess of $3,000.

before the scheduled trial date, the trial court held a pretrial conference. At the conference, McNair's counsel noted that he had been "unable to locate the plaintiff" to arrange a medical exam to determine "whether or not there is a permanent impairment based on objective findings." Also, McNair's counsel conceded that he had not yet secured a doctor to testify at trial. Thereafter, the trial court denied McNair's motion for continuance and granted Farris's motion for summary judgment.

On December 15, 1995, McNair filed an objection to the trial court's December 8th rulings and argued:

> It is entirely possible that [McNair] may seek further medical care in the future taking him over $3,000.00 in medicals as allowed by the personal injury protection coverage for treatment of conditions caused by the accident in question. It is possible that said treatment could involve surgery which would automatically cause permanent disfigurement; and it is possible that further examinations may reveal permanent disability or impairment. Should one of these possibilities happen, it would be grossly unfair for [McNair], within one year of dismissal, not to be able to refile his lawsuit and then comply with the threshold requirement. The Court can avoid such an injustice merely by dismissing [McNair's] Complaint *without* prejudice.[2]

The trial court denied McNair's objection on December 29, 1995, and again granted, with prejudice, Farris's motion for summary judgment. Thereafter, on February 23, 1996, the trial court denied McNair's Motion for New Trial and To Set Aside Judgment, filed on January 9, 1996. This appeal followed.

## ISSUES AND STANDARD OF REVIEW

McNair raises two issues: (1) whether the trial court correctly granted Farris's motion for summary judgment where Farris, as the moving party, failed to "carry his burden of proving there was no genuine issue regarding the no-fault threshold," and (2) whether the trial court correctly dismissed McNair's complaint with prejudice.

■ "Summary judgments present for review conclusions of law only, because, by definition, summary judgments do not resolve factual issues. Thus, we accord no deference to the trial court, but review its conclusions for correctness." *Jepson v. State Dep't of Corrections,* 846 P.2d 485, 486 (Utah. Ct.App.1993) (citations omitted).

## ANALYSIS

1. Propriety of Summary Judgment

■ McNair contends that the trial court erred in granting Farris's motion for summary judgment because, as the moving party, Farris failed to meet his initial burden of "provid[ing] the court with an affidavit to show that there was no permanent disability." The Utah Rules of Civil Procedure provide, in relevant part, "[a] party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." Utah R. Civ. P. 56(b). The unambiguous language of Rule 56(b) clearly does not require Farris to support his motion for summary judgment with any affidavits.

Though he concedes that he failed to meet the medical expenses threshold of section 31A–22–309(1)(e), McNair nonetheless asserts that Farris failed to show that there were no genuine issues of material fact. McNair's argument hinges on the language of section 31A–22–309(1)(c). Section 31A–22–309 limits the instances under which a person may "maintain a cause of action for general damages arising out of personal inju-

---

**2.** At oral argument, McNair's appellate counsel suggested that McNair's trial counsel, relying on an earlier version of Utah Code Ann. § 31A–22–309 (1994), mistakenly assumed that a broken bone satisfied the statutory threshold requirement. At the December 8, 1995 hearing, trial counsel stated: "But I believe that we get past the threshold based on the fact that there are two fractured bones and there[ is] an indication of a permanent impairment in his foot." This statement does not support the proposition that trial counsel believed broken bones would satisfy the threshold requirements independent of "permanent impairment." In addition, no prior version of section 31A–22–309 included broken bones as an independent threshold factor.

ries alleged to have been caused by an automobile accident." Utah Code Ann. § 31A–22–309(1) (1994). Among the exceptions are instances in which an individual sustains "permanent disability or permanent impairment *based upon objective findings.*" *Id.* § 31A–22–309(1)(c) (emphasis added).

Farris's memorandum supporting his motion for summary judgment stated: "Injuries claimed by [McNair] do not constitute a 'serious impairment of bodily function.'" McNair contends that Farris failed to show "that the pleadings did not raise the issue, since McNair alleged in his Complaint that 'plaintiff was caused to and continues to suffer from ... (c) Permanent disability'" and "Farris did not provide any evidence that there was no permanent disability." Moreover, McNair asserts that his deposition,[3] "when viewed in the light most favorable to McNair, shows that McNair was capable of producing evidence at trial which would have sustained a judgment in his favor." However, McNair overlooks the "objective findings" language of section 31A–22–309(1)(c).

In *Rushton v. Gelco Express,* 732 P.2d 109 (Utah 1986), an injured employee "filed an application with the Industrial Commission ('Commission') claiming both temporary total and permanent partial disability as a result of injuries she sustained in a fall." *Id.* at 110. Rushton had received treatment from three specialists other than her treating physician, each of whom "conducted several tests, all of which produced normal results despite [Rushton's] continued complaints of worsening pain." *Id.* In determining whether or not the Commission's adoption of the findings of the three specialists, rather than the findings of Rushton's treating physician, "ha[d] a reasonable basis in the evidence and therefore [were] not arbitrary and capri-

cious," the court noted several times the difference between the "objective findings" of the medical specialists and the "subjective symptoms reported by [Rushton]." *Id.* at 112; *see also Cineas v. Mammone,* 270 N.J.Super. 200, 636 A.2d 1071, 1077 (Ct.App. Div.1994) ("The medical reports from plaintiff's treating doctors provided objective credible evidence sufficient to meet the requirements of the verbal threshold statute."). This distinction is particularly relevant in the present case.

As previously noted, McNair relies on the allegations in his complaint and his own deposition, in which he reported ongoing soreness in his foot, as evidence of a material fact which should have precluded the trial court's entry of summary judgment in favor of Farris. The express language of section 31A–22–309(1)(c) requires that any permanent disability or impairment be based on objective findings. McNair thus has the burden of demonstrating the permanency of his injury with something more than his say so.

■ McNair's original complaint mentioned no objective findings of permanent disability or impairment. In addition, at his deposition, in response to the question "Has [Dr. Gordon] told you anything along the lines that you are going to have a permanent injury," McNair simply answered, "No." Nonetheless, he filed two certificates indicating his readiness for trial. Each certificate contained the language "counsel has completed *all discovery.*" (Emphasis added.) Yet, at the pretrial conference held the Friday preceding the Monday, December 11, 1995 trial date, over eight months after filing his first certificate of readiness, McNair's counsel noted that McNair "still has symptoms, he still has problems, and I need the opinion from the doctor as to whether or not there is

---

**3.** McNair's deposition, taken on February 9, 1995, included the following excerpt:

Q: And do you anticipate further treatment?
A: I don't know.
Q: Do you have a pending appointment with Dr. Gordon?
A: No.
Q: Has he told you anything along the lines that you are going to have a permanent injury, or did he give you any indication of what the future will hold?
A: No.

Q: At the present time ... what problems are you having with your foot?
A: Extreme soreness. I have a problem with balance. The foot is weaker now. My leg is weaker, now, in fact, from being casted. I suppose that will come back. It is still very, very sore. It was crushed and it was crushed slowly. The tire was turning and grinding on it. It is taking a lot longer to heal. It is not one simple injury, you know. Had I tripped and snapped a bone, you know, perhaps it would be simpler.

a permanent impairment based on objective findings."[4] Thus, McNair's complaint and deposition fail to allege any permanent disability or impairment *based on objective findings*. Also, on the last business day before the trial date, and over two weeks after Farris filed his motion for summary judgment, McNair still had not been examined by a doctor to determine whether he had any permanent disability or impairment. Accordingly, under the facts of this case, the trial court correctly granted Farris's motion for summary judgment and was not obliged to give him an opportunity at trial.[5] *Cf. Williams v. McGowan*, 135 Mich.App. 457, 354 N.W.2d 382, 383, 385 (1984) (affirming grant of summary judgment for defendant where plaintiff's subjective testimony failed, as a matter of law, to meet threshold burden); *Kissner v. Norton*, 412 N.W.2d 354, 357 (Minn.Ct.App.1987) (holding doctor's letter "fail[ed] to raise a genuine issue of fact as to the permanency of the injury" and "failed to raise any genuine issue to overcome the statutory tort threshold"); *Marose v. Hennameyer*, 347 N.W.2d 509, 511 (Minn.Ct.App. 1984) (holding plaintiff's subjective testimony insufficient to counter objective medical evidence).

## 2. Dismissal With Prejudice

 McNair next asserts that, even if the trial court correctly granted Farris's motion for summary judgment, the court should have dismissed the case without prejudice, enabling McNair to refile his complaint if he should meet the statutory threshold requirements of Utah's No–Fault Act within the statute of limitations. The granting of a motion for summary judgment in favor of a defendant dismisses the plaintiff's complaint with prejudice. *See Dredge Corp. v. Penny,* 338 F.2d 456, 464 (9th Cir.1964) ("[W]here there is a summary judgment for a defendant, ... the dismissal of the action is then with prejudice."); *cf. Universal Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.,* 925 P.2d 1270, 1272, 1275 (Utah.Ct.App. 1996) (affirming trial court's grant of summary judgment for defendant and dismissal of plaintiff's complaint with prejudice); *Maynard v. Wharton,* 912 P.2d 446, 451 (Utah.Ct. App.) (same), *cert. denied,* 919 P.2d 1208 (Utah 1996); *Day v. State Dep't of Pub. Safety,* 882 P.2d 1150, 1152, 1160 (Utah.Ct. App.1994) (same), *cert. granted,* 892 P.2d 13 (Utah 1995); *Sneddon v. Graham,* 821 P.2d 1185, 1186, 1190 (Utah.Ct.App.1991) (same); *see generally,* 73 Am.Jur.2d Summary Judgment § 40 (1974) ("A summary judgment for a defendant is a dismissal of the action with prejudice."). Had McNair pursued his claim more diligently, perhaps thereby turning his "possibilities" into something more, he may have been able to avoid summary judgment altogether. Thus, the trial court did not err by dismissing McNair's complaint with prejudice.

For the aforementioned reasons, the trial court's entry of summary judgment and dismissal of McNair's complaint with prejudice is affirmed.

WILKINS, Associate P.J., and BILLINGS, J., concur.

---

**4.** McNair's appellate brief all but concedes that he was unprepared for trial on December 8, 1995: "Had the date for trial remained set, it is likely that McNair and his treating physicians would have made extraordinary efforts and would have presented expert testimony at trial concerning the permanency and extent of McNair's injuries."

**5.** Additionally, McNair contends that he should have had until the trial date to secure evidence of permanent disability or impairment. Because McNair filed two certificates of readiness for trial, and in light of his failure to conduct discovery in a timely manner, *cf. Kissner v. Norton,* 412 N.W.2d 354, 357 (Minn.Ct.App.1987) ("[A] court should consider whether the party seeking more [discovery] time is acting from a good faith belief that material facts will be discovered or is merely engaging in a 'fishing expedition,' and whether the party has been diligent in seeking discovery prior to bringing the motion."), we find McNair's argument without merit and decline to address it, *see State v. Carter,* 776 P.2d 886, 888–89 (Utah 1989).