2019 UT App 12

## THE UTAH COURT OF APPEALS

KATHLEEN PINNEY,
Appellee,
*v.*
RICARDO CARRERA,
Appellant.

Opinion
No. 20170045-CA
Filed January 10, 2019

Third District Court, Salt Lake Department
The Honorable Paige Petersen
No. 150900750

Barbara K. Berrett and Kyle C. Thompson, Attorneys
for Appellant

Blake Johnson and Ron J. Kramer, Attorneys
for Appellee

JUDGE DAVID N. MORTENSEN authored this Opinion, in which
JUDGES KATE APPLEBY and JILL M. POHLMAN concurred.

MORTENSEN, Judge:

¶1　This case stems from a car accident in which Defendant Ricardo Carrera ran a stop sign and struck Plaintiff Kathleen Pinney's vehicle. Subsequently, Plaintiff filed suit, claiming personal injuries. At trial, Defendant made three separate oral motions for judgment as a matter of law—each on a discrete point of law. One of those motions was granted, and two were denied. At the close of his case-in-chief, Defendant again renewed the third motion for judgment as a matter of law related to Utah's no-fault tort threshold, but the court again denied the motion. Prior to submission of the case to the jury, Defendant also objected to the trial court's refusal to give a

requested jury instruction. The jury returned a verdict in favor of Plaintiff, awarding $300,000 in general damages. Defendant then filed a motion for judgment notwithstanding the verdict, or alternatively, for a new trial, which the trial court denied. Defendant appeals and we affirm.

BACKGROUND[1]

¶2     Plaintiff's vehicle was struck by Defendant's vehicle after Defendant failed to stop at a stop sign. Plaintiff brought a civil action against Defendant for damages resulting from the accident. The parties engaged in discovery, and Plaintiff produced approximately $11,000 in chiropractic bills.

¶3     At trial, Plaintiff elected not to seek an award of economic damages but instead chose to focus on non-economic damages associated with her herniated disc. Plaintiff argued to the jury that, based on her permanent injury, she should be compensated $50 to $75 per day for pain and suffering until she reached the age of eighty.

¶4     In addition to her own testimony, Plaintiff called several witnesses to testify on her behalf. Her chiropractor (Chiropractor) testified to Plaintiff's injuries, stating that she had a herniated disc; that the disc injury was "permanent"; and that it would "plague" her for the rest of her life. Chiropractor also testified that with physical therapy, Plaintiff was able to "get fairly close to normal range of motion. We couldn't ever get 100

---

1. "On appeal, we review the record facts in a light most favorable to the jury's verdict and recite the facts accordingly. We present conflicting evidence only as necessary to understand issues raised on appeal." *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 8 n.3, 372 P.3d 629 (cleaned up).

percent, and we made her very comfortable. We were able to get rid of a lot of the symptoms. . . . [but the scar tissue is] not going to go away." He stated that during "five re-exams through the course of her treatment," he was able to restore most of Plaintiff's bodily function, but not all of it. Additionally, Plaintiff submitted, and the trial court admitted, MRI[2] results, which Chiropractor discussed and which showed disc bulges and a disc herniation.

¶5 Additionally, Plaintiff's daughter testified to Plaintiff's limitations and inability to perform the same tasks that she did prior to the accident. Her daughter stated that she witnessed Plaintiff having difficulty picking up small children and that Plaintiff had been unable to ride an amusement park ride. Furthermore, Plaintiff's friend, with whom she had lived for sixteen months following the accident, testified concerning the negative effect Plaintiff's injuries had on Plaintiff's life.

¶6 At the close of Plaintiff's case-in-chief, Defendant made three separate oral motions for judgment as a matter of law. The first motion argued that Plaintiff had not carried her burden of demonstrating sufficient evidence of Defendant causing the accident. The trial court denied that motion. The second motion argued that Plaintiff had not introduced any evidence of economic damages, including the chiropractic costs, future costs of surgery, or any other future economic damages, and when Plaintiff stipulated that she was not seeking such damages, the motion was granted by the trial court. The third motion argued that Plaintiff failed to introduce evidence sufficient to satisfy the

_____

2. An MRI is "[a] type of medical imaging that uses the characteristic behavior of protons when placed in powerful magnetic fields to make images of tissues and organs." *Magnetic Resonance Imaging*, Taber's Cyclopedic Medical Dictionary (21st ed. 2009).

threshold requirement set forth in Utah Code section 31A-22-309(l)(a). Defendant's bases for the third motion were that (1) because the second motion for judgment as a matter of law—alleging that no economic damages were introduced by Plaintiff—had been granted, so too should the third motion, and (2) Plaintiff had not presented expert testimony demonstrating that a permanent impairment rating had been given to Plaintiff based upon "objective findings." The trial court denied Defendant's third motion.

¶7     At the close of his case, Defendant renewed his third motion for judgment as a matter of law. The trial court again denied the motion, ruling that the issue of whether Plaintiff was entitled to an award of general damages should go to the jury.

¶8     The jury was instructed that it could consider certain factors in awarding non-economic damages. Those factors were "(1) the nature and extent of injuries; (2) the pain and suffering, both mental and physical; (3) the extent to which [Plaintiff] has been prevented from pursuing her ordinary affairs; (4) the extent to which [Plaintiff] has been limited in her enjoyment of life; and (5) whether the consequences of these injuries are likely to continue, and for how long." The jury was also instructed that its verdict was not to be rendered upon the basis of any passion or prejudice toward anyone.

¶9     Finally, Defendant objected to the trial court instructing the jury on causation by utilizing the version published in the second edition of the Model Utah Jury Instructions (MUJI 2).[3] Defendant asked the court to employ a different instruction which included the word "proximate." The court declined and

---

3. *See* Model Utah Jury Instructions 2d CV209 (Advisory Comm. On Civil Jury Instructions 2018), *available at* http://www.utcourts.gov/resources/muji.

instructed the jury using the MUJI 2 version. The case was submitted to the jury, which returned a verdict in favor of Plaintiff, awarding general damages in the amount of $300,000.

¶10    Defendant filed a motion for judgment notwithstanding the verdict, or, in the alternative, a motion for a new trial. The motion for judgment notwithstanding the verdict renewed Defendant's third motion for judgment as a matter of law. The motion for a new trial was sought on two bases: (1) that the $300,000 verdict was not supported by the evidence, and (2) that the verdict was excessive and was a product of passion or prejudice against Defendant, who had not been present at trial.[4] The trial court denied Defendant's motions. Defendant appeals.

ISSUES AND STANDARDS OF REVIEW

¶11    Defendant brings several issues on appeal. First, he argues that the trial court erred in denying his third motion for judgment as a matter of law based upon Plaintiff's alleged failure to meet the threshold requirement set forth in Utah Code section 31A-22-309(1)(a). "Appellate courts review the grant or denial of a motion for [judgment as a matter of law] for correctness." *Proctor v. Costco Wholesale Corp.*, 2013 UT App 226, ¶ 6, 311 P.3d 564.

¶12    Second, Defendant contends correspondingly that the trial court erred in denying his motion for judgment notwithstanding the verdict based upon Plaintiff's alleged failure to introduce any evidence that could meet the threshold requirement set forth in Utah Code section 31A-22-309(1)(a). We review a trial court's denial of a motion for judgment

---

4. The reason for his absence was not disclosed to the jury during trial or otherwise in the record.

notwithstanding the verdict for correctness. *Neff v. Neff*, 2011 UT 6, ¶ 49, 247 P.3d 380.

¶13    Third, Defendant contends that the trial court abused its discretion in denying his motion for a new trial based on excessive damages. *See* Utah R. Civ. P. 59(a)(5)–(6). We review a trial court's denial of a motion for a new trial for abuse of discretion. *Crookston v. Fire Ins. Exch.*, 817 P.2d 789, 799 (Utah 1991).

¶14    Lastly, Defendant claims that the trial court abused its discretion in refusing to allow Defendant's jury instruction—which used the phrase "proximate cause"—to be given. "We review a trial court's refusal to give a jury instruction for abuse of discretion." *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 75, 372 P.3d 629 (cleaned up).

ANALYSIS

I. Threshold Requirement of Section 31A-22-309(1)(a)

¶15    The parties dispute whether section 31A-22-309(1)(a) requires a plaintiff to demonstrate, at trial, that she has met the threshold requirement set forth in the statute. Utah Code section 31A-22-309(1)(a) requires plaintiffs to whom the statute applies to demonstrate, at trial, that they have met the threshold requirement set forth in the statute. The relevant section states,

> A person who has or is required to have direct benefit coverage under a policy which includes personal injury protection may not maintain a cause of action for general damages arising out of personal injuries alleged to have been caused by an automobile accident, except where the person has sustained one or more of the following:

> (i) death;
> (ii) dismemberment;
> (iii) permanent disability or permanent impairment based upon objective findings;
> (iv) permanent disfigurement; or
> (v) medical expenses to a person in excess of $3,000.

Utah Code Ann. § 31A-22-309(1)(a) (LexisNexis 2017). A plain reading of the statute and reference to appellate precedent confirms that such a threshold must be met.[5]

¶16 "When interpreting a statute, we look first to the plain and ordinary meaning of its terms." *Anadarko Petroleum Corp. v. Utah State Tax Comm'n*, 2015 UT 25, ¶ 11, 345 P.3d 648; *see also Reynolds v. Bickel*, 2013 UT 32, ¶ 10, 307 P.3d 570 (stating that "[t]he best evidence of the legislature's intent is the plain language of the statute itself" (cleaned up)). Therefore, despite Plaintiff's assertion that the statute "does not require a plaintiff to prove any elements at trial," the plain language of this section requires a plaintiff to demonstrate, most often at trial because causation and the amount of damages are frequently rife with issues of fact,[6] that he or she meets at least one of the five

---

5. The parties have both briefed this case assuming that section 31A-22-309(1)(a) applies. We follow this pattern but note that circumstances may exist in which a plaintiff is not required to have coverage under section 31A-22-309(1)(a), such as an out-of-state driver whose policy does not provide first party no-fault benefits.

6. Clearly, the applicability of the threshold and the issue of whether a plaintiff meets that threshold can be decided on summary judgment in appropriate situations. *See McNair v.*

(continued…)

threshold requirements. The phrase "may not maintain a cause of action" expressly provides that to ultimately prevail on a cause of action in which section 31A-22-309(1)(a) is operative, a party must show that he or she "has sustained" one of the five threshold injuries.

¶17    Furthermore, our supreme court concluded long ago that an injured party is precluded from maintaining an action for general damages except where the threshold requirement of section 31A-22-309(1)(a) is met. *See Allstate Ins. Co. v. Ivie*, 606 P.2d 1197, 1200 (Utah 1980).[7] More recently, in an unpublished opinion, this court affirmed a trial court's use of a special verdict form that required the jury to establish, "as a threshold requirement," that a plaintiff had incurred more than $3,000 in medical expenses in order to "maintain[]" a personal injury cause of action. *Vaughn v. Anderson*, 2005 UT App 423U, para. 1; *see also Warren v. Melville*, 937 P.2d 556, 560 (Utah Ct. App. 1997) (holding that "Utah's no-fault statute does not abrogate all remedies for general damages . . . . Instead, the statute only bars a cause of action for general damages if the plaintiff fails to meet the threshold requirements").

---

(…continued)
*Farris*, 944 P.2d 392, 395 (Utah Ct. App. 1997); *Warren v. Melville*, 937 P.2d 556, 560 (Utah Ct. App. 1997).

7. *Allstate Insurance Co. v. Ivie*, 606 P.2d 1197 (Utah 1980), was decided under section 31A-22-309's predecessor, which is not substantively different from the statute currently in effect. *Id.* at 1200. *Compare* Utah Code Ann. § 31A-22-309 (LexisNexis 2017), *with id.* §§ 31-41-09, -11 (LexisNexis Supp. 1973). *See also Bear River Mutual Ins. Co. v. Wall*, 1999 UT 33, ¶ 10, 978 P.2d 460 (discussing the existence of a tort threshold).

¶18 Curiously, the parties fail to cite *C.T. ex rel. Taylor v. Johnson*, 1999 UT 35, 977 P.2d 479. In *C.T.*, our supreme court reviewed facts in a case in which a jury found that the plaintiff's medical expenses were only $339. *Id.* ¶ 3. Nevertheless, the trial court allowed the jury to assess general damages, surmising that because the legislature had provided in a different statute that punitive damages could be assessed when the defendant was found to have been intoxicated in the accident, the legislature must have meant to allow general damages as well. *Id.* ¶¶ 5, 8; *see also* Utah Code Ann. § 78B-8-201 (LexisNexis 2012) (establishing that an award of punitive damages may be awarded against an intoxicated driver even if compensatory or general damages are not proven). Our supreme court rejected this assertion under a plain language analysis and held that the punitive damages statute made no reference to section 31A-22-309(1) and therefore did not create an exception "to the threshold requirements" of that statute. *C.T.*, 1999 UT 35, ¶ 10. Thus, *C.T.* recognizes the existence of a threshold requirement imposed by section 31A-22-309(1) to maintain a personal injury action where the statute applies.[8] *Id.* Consequently, it appears to us that the question of whether the threshold must be met before general damages can be awarded has already been answered. Therefore, Plaintiff is required to show that she met the threshold requirements of the statute.

---

8. We further note that in *C.T.*, the plaintiff attempted to argue that since his first-party insurance carrier had paid $4,596 in medical expenses, he met the threshold requirement as a matter of law. *See C.T. ex rel. Taylor v. Johnson*, 1999 UT 35, ¶ 3 n.2, 977 P.2d 479. Our supreme court rejected this argument, sustaining the understanding that the question of what medical expenses are related to an accident is a factual determination, which, under most circumstances, must be submitted to a jury. *Id.* ¶ 7 n.3.

¶19    Accordingly, we move to the crux of this case: whether Plaintiff met that threshold.

## II. Judgment as a Matter of Law

¶20    Defendant first argues that the trial court erred in denying Defendant's third motion for judgment as a matter of law based upon Plaintiff's failure to meet the threshold requirement set forth in Utah Code section 31A-22-309(1)(a).[9] "We will affirm the denial of a motion for [judgment as a matter of law] when a review of the evidence in a light most favorable to the non-moving party demonstrates that reasonable minds could disagree with the ground asserted for [the motion]." *Proctor v. Costco Wholesale Corp.*, 2013 UT App 226, ¶ 6, 311 P.3d 564 (cleaned up).

---

9. More specifically, Defendant asserts that Plaintiff failed to meet both relevant threshold requirements contained in the statute: (1) medical expenses to a person in excess of $3,000; and (2) permanent disability or permanent impairment based upon objective findings. *See* Utah Code Ann. § 31A-22-309(1)(a). Because Plaintiff meets the permanent impairment threshold requirement, *see infra* ¶¶ 24–28, we need not analyze the medical expenses threshold requirement. *See* Utah Code Ann. § 31A-22-309(1)(a) (stating that a person may maintain a cause of action "for general damages arising out of personal injuries alleged to have been caused by an automobile accident," where the person "*has sustained one or more* of the following: . . . (iii) permanent disability or permanent impairment based upon objective findings; . . . or (v) medical expenses to a person in excess of $3,000" (emphasis added)). The parties raise, but we need not decide, if expert testimony is required in determining whether medical expenses were caused by the accident or whether a plaintiff must prove that the amounts of medical expenses claimed are reasonable.

¶21   Defendant contends that Plaintiff did not meet the threshold requirement because a finding of permanent impairment, for purposes of the statute, must be based on "objective findings." That is, Defendant asserts, to be "objective," the finding must be made by someone other than "a current treating physician" and must be supported by expert opinion, which Defendant asserts must be by way of an impairment rating. A plain language analysis does not support Defendant's interpretation of the statutory language.

¶22   "It is well settled that when faced with a question of statutory interpretation, our primary goal is to evince the true intent and purpose of the Legislature." *Marion Energy, Inc. v. KFJ Ranch P'ship,* 2011 UT 50, ¶ 14, 267 P.3d 863 (cleaned up). But if the statutory language is ambiguous—meaning that "its terms remain susceptible to two or more reasonable interpretations after we have conducted a plain language analysis"—we "generally resort to other modes of statutory construction and seek guidance from legislative history and other accepted sources." *See id.* ¶ 15 (cleaned up).

A.   Definitions

¶23   In this case, the operative statutory terms are "permanent disability or permanent impairment," and "objective findings." *See* Utah Code Ann. § 31A-22-309(1)(a)(iii) (LexisNexis 2017). A plain language analysis of these terms reveals no ambiguity. We address each term individually.

¶24   First, we must define permanent. "Permanent," as it applies to disability or impairment, has been defined by our supreme court. The court stated that "a disability is deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it." *Ralston v. Metropolitan. Life Ins. Co.,* 62 P.2d 1119, 1123 (Utah 1936) (cleaned up). Applying

this definition to the statute yields only one reasonable interpretation, and accordingly, the statute is unambiguous. Therefore, we need not seek additional sources to find its meaning. *See Marion Energy*, 2011 UT 50, ¶ 15.

¶25 Second, we must determine what constitutes permanent "disability" or permanent "impairment."[10] Plaintiff submits—and Defendant's counsel conceded at oral argument—that we

---

10. Defendant argues that permanent impairment is synonymous with permanent impairment rating, stating,

> [A]lthough Plaintiff's treating physician . . . testified to the existence of a permanent injury to Plaintiff in the form of a herniated disc, he never characterized that injury as a permanent disability or permanent impairment. . . . No other medical experts testified on behalf of Plaintiff, and the evidence demonstrated that she never received a permanent impairment rating from any physician. As a matter of law, Plaintiff thus failed to meet the prerequisite that she sustained a permanent disability or permanent impairment based upon objective findings in that the only medical professional who testified as to any permanent condition that she claimed to have suffered could not, as her treating physician, provide such findings as a matter of law as recognized by Utah case law and by his own testimony.

But the statute does not support such a reading. Section 31A-22-309(1)(a)(iii) does not refer to an impairment "rating." We decline to rewrite the statute to include such a term. While impairment ratings may be ubiquitous in personal injury actions, their frequent use is irrelevant in construing this statute. Therefore, the fact that Chiropractor did not testify in terms of an impairment rating is irrelevant.

should apply a definition of impairment consistent with what is found in the dictionary; that is, "[t]o diminish in function, ability, or quality."[11] However, a more definitive answer is found in *Jones v. Transamerica Insurance Co.*, 592 P.2d 609 (Utah 1979), *overruled on other grounds by Bear River Mutual Ins. Co. v. Wall*, 1999 UT 33, 978 P.2d 460.[12] There, the court stated, "The benefits contemplated by the [No-Fault] Act are phrased in terms of 'disability' not in terms of 'physical impairment.' The former is generally understood to mean the inability to work, whereas the latter refers to the loss of bodily function." *Id.* at 611. Therefore, based on either the dictionary definition submitted by Plaintiff or the definition supplied in *Jones*, we conclude that the correct definition of "disability" is the inability to work and the correct definition of "impairment" is the loss of function.

¶26     Third, we must define "objective finding." "Objective" is defined as "[o]f, relating to, or based on externally verifiable phenomena, as opposed to an individual's perceptions, feelings, or intentions." *Objective*, Black's Law Dictionary (10th ed. 2014). Defendant cites *McNair v. Farris*, 944 P.2d 392 (Utah Ct. App. 1997), to support his argument that a finding must be made by someone other than the *treating* physician to be considered

---

11.     *See    Impairment*,    Merriam-Webster,    www.merriam-webster.com/dictionary/impairment    [https://perma.cc/7CUK-95G5] ("to diminish in function, ability, or quality **:** to weaken or make worse").

12. We note that *Jones* involved an earlier version of section 31A-22-309(1), which did not include the term impairment, and only referred to disability. *See Jones v. Transamerica Ins. Co.*, 592 P.2d 609, 611 (Utah 1979), *overruled on other grounds by Bear River Mutual Ins. Co. v. Wall*, 1999 UT 33, 978 P.2d 460; *see also* Utah Code Ann. §§ 31-41-09, -11 (LexisNexis Supp. 1973).

objective.[13] We are not persuaded by this reasoning. In that case, the plaintiff, McNair, allegedly suffered an injury and sued the defendant under Utah Code section 31A-22-309(1)(a). *Id.* at 393. McNair's original complaint "mentioned no objective findings of permanent disability or impairment" and claimed "ongoing soreness in his foot," but McNair was never examined by a physician to determine whether he was permanently impaired. *Id.* at 395–96. Consequently, the defendant moved for summary judgment, and the court granted the motion, stating, "The express language of [the statute] requires that any permanent disability or impairment be based on objective findings. McNair thus has the burden of demonstrating the permanency of his injury *with something more than his say so*." *Id.* at 395 (emphasis added).

---

13. The *McNair* court points to a worker's compensation case, *Rushton v. Gelco Express*, 732 P.2d 109 (Utah 1986), which held that when faced with conflicting testimony from a treating physician and a non-treating physician, the factfinder need not give preference to either physician, but as the factfinder, may weigh the credibility of the witnesses and reach its own conclusion. *Id.* at 112. Defendant points to *Rushton* to argue that "objective findings" must be made by someone other than a plaintiff's treating physician. But *Rushton* did not involve the threshold requirement set forth in Utah Code section 31A–22–309(1)(a).

And at any rate, the *McNair* court also cited *Cineas v. Mammone*, 636 A.2d 1071 (N.J. Super. Ct. App. Div. 1994), which states, "The medical reports from plaintiff's treating doctors provided objective credible evidence sufficient to meet the requirements of the verbal threshold statute." *Id.* at 1077. Thus, Defendant's argument is meritless. If anything, *McNair* can be read for the proposition that a plaintiff's treating physicians' testimony may constitute "objective" evidence.

¶27 So it is in this case. An "objective finding" of permanent disability or permanent impairment need not be established by a witness other than a current or past treating physician. To be considered objective, a finding need only be demonstrated through evidence other than the plaintiff's own subjective testimony. *See id.*; *see also Mays v. Alumnitec, Inc.*, 64 S.W.3d 772, 774 (Ark. Ct. App. 2001) (acknowledging that objective findings are "those findings which cannot come under the voluntary control of the patient" (cleaned up)). While Utah Code section 31A-22-309(1)(a) does not specify *who* needs to make the "objective findings" regarding permanency—whether that be a medical doctor, an expert witness, a layperson, or other—we need not reach that issue here because the evidence, which was presented by an expert witness, was clearly sufficient on these facts. We also acknowledge that "objective findings" relate to a permanent disability or a permanent impairment. We assume, without deciding, that such a finding will, in most circumstances, come by way of expert testimony.[14] Typically— except in obvious cases—where an alleged injury involves medical factors beyond the ken of an ordinary lay person, expert testimony is required. *Beard v. K-Mart Corp.*, 2000 UT App 285, ¶ 16, 12 P.3d 1015.

¶28 Such a reading is consistent with the term "objective finding" as applied in other cases. *See Broadhead v. Federal Express Corp.*, No. 2:05-CV-806, 2007 WL 951544, at *1 (D. Utah Mar. 26, 2007) (recognizing that long-term disability plans governed by

---

14. We need not decide this issue because in this case the relevant testimony came by way of opinion testimony of Chiropractor, and Defendant has not challenged the admission of Chiropractor's testimony.

ERISA[15] define "objective findings" as "signs which are noted on a test or medical exam and which are considered significant anatomical, physiological or psychological abnormalities which can be observed apart from the individual's symptoms" and may include, "Medical examination findings; Test results; X-ray results; observation of anatomical physiological or psychological abnormalities"); *see also SAIF Corp. v. Lewis*, 58 P.3d 814, 815 (Or. 2002) (noting that "[o]bjective findings in support of medical evidence are verifiable indications of injury or disease that may include, but are not limited to, range of motion, atrophy, muscle strength and palpable muscle spasm. Objective findings do[] not include physical findings or subjective responses to physical examinations that are not reproducible, measurable or observable" (cleaned up)).

B.      Statutory Threshold

¶29     With the plain language definitions set out, we now analyze Defendant's argument that Plaintiff did not demonstrate the threshold injury of permanent disability or permanent impairment through "objective findings," as required by Utah Code section 31A-22-309(1)(a)(iii).

¶30     Based on the plain language definitions and relevant case law, Plaintiff has met the statutory threshold through testimony and other evidence at trial. Chiropractor testified that Defendant's crash into Plaintiff's vehicle caused her to suffer a permanent herniated disc in her back, that she would be "plagued" by the injury for the rest of her life, and that the herniated disc would not go away on its own and was a permanent injury. Chiropractor also testified that with physical therapy, Plaintiff was able to regain most bodily function, but

---

15. Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001–1461 (2012).

not all of it. He stated that throughout "five re-exams through the course of her treatment," they were able to "get fairly close to normal range of motion." He further explained, "We couldn't ever get 100 percent, and we made her very comfortable. We were able to get rid of a lot of the symptoms. . . . [but the scar tissue is] not going to go away."

¶31    Furthermore, along with Chiropractor's examinations and treatment of Plaintiff, an MRI film was admitted into evidence that showed the existence of the herniated disc injury to which Chiropractor testified. Chiropractor determined—based on the examinations, treatment, and MRI—that Plaintiff had suffered a permanent impairment, and he testified to that effect.[16] To further corroborate Chiropractor's determination, both Plaintiff's daughter and friend testified to "the changes and differences that [Plaintiff] suffers from now because of her injuries." They described the "impact the crash has had on [Plaintiff's] life. . . . the limitations, pain, and other ways that the injuries affect [Plaintiff] on a daily basis."

¶32    This type of testimony (1) shows permanence based on Chiropractor's statement that Plaintiff would be "plagued" for the rest of her life; (2) demonstrates impairment because Plaintiff suffered the loss of bodily function; and (3) is objective because the impairment was determined after a number of "reproducible, measurable or observable" exams, *see SAIF Corp. v. Lewis*, 58 P.3d 814, 815 (Or. 2002), and was perceptible to those other than the injured person—specifically, her treating Chiropractor, her daughter, and her friend. The findings of a permanent injury and its associated impairment have thus been shown by "objective findings." Accordingly, Plaintiff met the threshold requirement of Utah Code section 31A-22-309(1)(a).

16. Defendant does not argue that an MRI or Chiropractor's interpretation of that MRI are not objective.

And because the evidence demonstrated that reasonable minds could disagree with the ground asserted for judgment as a matter of law, the trial court did not err in denying Defendant's motion for judgment as a matter of law.

### III. Judgment Notwithstanding the Verdict

¶33 Next, Defendant contends that the trial court erred in denying his motion for judgment notwithstanding the verdict based upon Plaintiff's failure to introduce any evidence that could meet the threshold requirement set forth in Utah Code section 31A-22-309(1)(a). "On . . . a motion for judgment notwithstanding the verdict, we will reverse the trial court's ruling only if, viewing the evidence in the light most favorable to the prevailing party, we conclude that the evidence is insufficient to support the verdict." *Utah Dep't of Transp. v. Target Corp.*, 2018 UT App 24, ¶ 12, 414 P.3d 1080 (cleaned up), *cert. granted*, 425 P.3d 800 (Utah 2018). As discussed, Plaintiff demonstrated at trial that she met the threshold requirement set out in Utah Code section 31A-22-309(1)(a). *See supra* ¶¶ 29–32. Therefore, the trial court did not err in denying Defendant's motion for judgment notwithstanding the verdict.

### IV. Motion for a New Trial

¶34 Third, Defendant claims that the trial court abused its discretion in denying his motion for a new trial based on excessive damages. *See* Utah R. Civ. P. 59(a)(5) (allowing for a new trial when the verdict includes "excessive or inadequate damages that appear to have been given under the influence of passion or prejudice"); *id.* R. 59(a)(6) (allowing for a new trial when there is "insufficiency of the evidence to justify the verdict"). Juries are "generally allowed wide discretion in the assessment of damages." *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 71, 372 P.3d 629 (cleaned up). "There is no set formula to determine noneconomic damages such as pain and suffering, so

the permissible minimum and maximum limits within which a jury may operate for a given injury are presently far apart and must continue to be widespread so long as pain and suffering must be measured by money standards." *Judd v. Drezga*, 2004 UT 91, ¶ 62, 103 P.3d 135 (cleaned up).

¶35    "The trial court's denial of a motion for a new trial will be reversed only if the evidence to support the verdict was completely lacking or was so slight and unconvincing as to make the verdict plainly unreasonable and unjust." *Schreib v. Whitmer*, 2016 UT App 61, ¶ 31, 370 P.3d 955 (cleaned up). Here, Defendant's argument fails because there was a reasonable basis for the jury's award of damages. The trial court specifically identified the following facts in support of the jury's award of $300,000 in general damages: (1) testimony regarding Plaintiff's inability to do some of the things she used to be able to do; (2) testimony regarding the permanent nature of Plaintiff's injury; and (3) Plaintiff counsel's request for damages in an amount ranging from $419,000 to $630,000.

¶36    These facts gave the jury a reasonable basis upon which to rely when it awarded damages to Plaintiff. So long as there is a reasonable basis for the jury's award of damages, a large award does not equate to an improper one, *see Judd*, 2004 UT 91, ¶ 62, nor one that is "given under the influence of passion or prejudice," *see* Utah R. Civ. P. 59(a)(5). While juries should not be permitted to "arbitrarily ignore competent, credible and uncontradicted evidence," courts have long held that juries are "not bound to slavishly follow the evidence and the figures given by any particular witness. Within the limits of reason it is [the jury's] prerogative to place [its] own appraisal upon the evidence which impresses [it] as credible and to draw conclusions therefrom in accordance with [its] own best judgment." *Even Odds, Inc. v. Nielson*, 448 P.2d 709, 712 (Utah 1968); *see also USA Power*, 2016 UT 20, ¶ 71 ("We have emphasized that juries are generally allowed wide discretion in

the assessment of damages." (cleaned up)). Where the jury heard evidence that Plaintiff would be plagued by this painful injury every day of her life, the verdict here is within the bounds of reasonableness. Given that there was a reasonable basis for the jury's verdict awarding $300,000 in damages to Plaintiff, the trial court did not abuse its discretion by denying a new trial.

## V. Jury Instruction

¶37    Lastly, Defendant claims that the trial court abused its discretion in refusing to allow Defendant's jury instruction—which used the phrase "proximate cause"—to be given. "Abuse of discretion may be present when a trial court relied on an erroneous conclusion of law or where there was no evidentiary basis for the trial court's ruling." *USA Power, LLC v. PacifiCorp*, 2016 UT 20, ¶ 75, 372 P.3d 629 (cleaned up).

¶38    Defendant submitted his own jury instruction, entitled "POST-EVIDENCE INSTRUCTIONS: PROXIMATE CAUSE." That proposed instruction stated,

> A proximate cause of an injury is that cause which, in natural and continuous sequence, produces the injury and without which the injury would not have occurred. A proximate cause is one which sets in operation the factors that accomplish the injury.

The court rejected Defendant's proposed instruction, and instead gave an instruction in accordance with the MUJI 2, which stated,

> I've instructed you before that fault is a wrongful act or failure to act. You must also determine whether a person's fault caused the harm. As used in the law, the word "cause" has a special meaning, and you must use this meaning whenever you apply the word. "Cause" means that:

(1) the person's act or failure to act produced the harm directly or set in motion events that produced the harm in a natural and continuous sequence; and

(2) the person's act or failure to act could be foreseen by a reasonable person to produce a harm of the same general nature.

There may be more than one cause of the same harm.

¶39    Defendant argues that the MUJI 2 jury instruction was legally insufficient in that it did not "expressly distinguish between proximate cause and cause in fact, and, moreover, simply use[d] the term 'cause' no matter what type of causation [wa]s meant."

¶40    This argument fails because—other than the word "proximate"—there is no substantive difference between Defendant's proposed instruction and the instruction given at trial. *See Raab v. Utah Ry. Co.*, 2009 UT 61, ¶ 23, 221 P.3d 219 ("[W]e use the term 'proximate cause' in its traditional sense, that is, interchangeably with 'legal cause.'").[17] If anything, the MUJI 2 instruction is narrower than the instruction offered by Defendant, since it includes the idea of foreseeability. Accordingly, the trial court did not abuse its discretion by

---

17. Moreover, this argument is inadequately briefed. Defendant fails to show, explain, or provide any evidentiary basis as to how this allegedly insufficient instruction affected the outcome of the trial. There is no allegation that the jury was misled by the instruction in rendering its verdict.

rejecting Defendant's proposed instruction because it did not erroneously advise the jury on the law.[18]

CONCLUSION

¶41    The trial court did not err in denying Defendant's third motion for judgment as a matter of law because Plaintiff met the threshold requirement set forth in Utah Code section 31A-22-309(1)(a). Likewise, the trial court did not err in denying Defendant's motion for judgment notwithstanding the verdict based on the same reasoning. Further, it did not abuse its discretion by denying Defendant's motion for a new trial based on excessive damages because there was a reasonable basis upon which the jury based its verdict. Finally, the court did not abuse its discretion by denying Defendant's jury instructions because it did not erroneously advise the jury on the law.

¶42    Affirmed.

—————

18. Furthermore, although not binding, we note that the advisory committee notes to the MUJI 2 instruction state that "[t]he term 'proximate' cause should be avoided. While its meaning may be understood by lawyers, the lay juror may be unavoidably confused by the similarity of 'proximate' to 'approximate.'" Model Utah Jury Instructions 2d CV209 (Advisory Comm. On Civil Jury Instructions 2018), *available at* http://www.utcourts.gov/resources/muji.